1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT C. MARTINEZ, | ) | Case No. 2:16-cv-01546-JAD-NJK |
| Plaintiff(s), | ) | ORDER |
| | ) | (Docket No. 32) |
| v. | ) | |
| RENEE BAKER, et al., | ) | |
| Defendant(s). | ) | |

14    Pending before the Court are Plaintiff's motions for an extension of time to serve Joshua C.

15 Sasser and for leave to serve him by publication.  Docket No. 32.  No response has been filed.  The

16 motions are properly resolved without a hearing. *See* Local Rule 78-1.  For the reasons discussed below,

17 the motions are **GRANTED**.

18 **I.    Motion to Extend Time for Service**

19    Where good cause is shown, the time for serving the complaint is extended for an appropriate

20 period. *See* Fed. R. Civ. P. 4(m).  The motion establishes sufficient cause to extend the time for

21 effectuating service on Mr. Sasser by 60 days from the issuance of this order.

22 **II.   Motion for Leave to Serve by Publication**

23    Plaintiff seeks leave to serve Mr. Sasser by publication.  Service by publication implicates a

24 defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*,

25 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990).  As a result, service by

26 publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of*

27 *Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist.

28 Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1).  Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants.  Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons."  Nev. R. Civ. P. 4(e)(1).  There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Plaintiff attempted has tracked Defendant's residence and attempted to serve him on several occasions at several locations. *See* Docket No. 32 at 5-10.  Plaintiff has also engaged in other methods of attempting to locate Mr. Sasser, including attempting to reach him telephonically and checking public records. *See id.*  To date, all such efforts have been fruitless.  The Court finds these efforts sufficient to establish diligence, and permits service by publication.

**III.    Conclusion**

Accordingly, the Court **GRANTS** the motions to extend the deadline to effectuate service and for service by publication.  The deadline to serve Mr. Sasser by publication is extended by 60 days. Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

(a)    Serve Mr. Sasser by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

(b)    Serve Mr. Sasser by publication in a newspaper of general circulation in the Commonwealth of Virginia on a weekly basis for a period of four weeks.

(c)    After publication is complete, Plaintiff shall file an Affidavit of Publication.

IT IS SO ORDERED.

DATED: December 9, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge